**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4180**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

LUIS ALEMAN,

                                        Defendant - Appellant.

---

**No. 04-7085**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

LUIS ALEMAN,

                                        Defendant - Appellant.

---

Appeals from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Leonie M. Brinkema, District
Judge.  (CR-03-479; CA-04-689-1)

---

Submitted:  October 18, 2004      Decided:  November 23, 2004

---

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

---

No. 04-4180 affirmed in part; dismissed in part; No. 04-7085 dismissed by unpublished per curiam opinion.

---

Billy L. Ponds, THE PONDS LAW FIRM, Washington, D.C., for Appellant. Paul J. McNulty, United States Attorney, Andrew E. Lelling, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Luis Aleman appeals his conviction for smuggling bulk cash out of the United States, in violation of 31 U.S.C. § 5332(a)(1) (2000), and two counts of giving false statements, in violation of 18 U.S.C. § 1001(a)(3) (2000). Aleman contends that the evidence presented at trial was insufficient to support his conviction for smuggling bulk cash out of the United States, in violation of 31 U.S.C. § 5332(a)(1), because the Government failed to prove that he knowingly concealed more than $10,000.

"The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). This Court "ha[s] defined 'substantial evidence,' in the context of a criminal action, as that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)). In evaluating the sufficiency of the evidence, this Court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the Government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).

After careful consideration of the facts, and taking the view most favorable to the Government, we conclude that the evidence presented at trial is sufficient to support Aleman's conviction. 31 U.S.C. § 5332(a)(1); <u>Glasser</u>, 315 U.S. at 80.

Following Aleman's conviction, but prior to sentencing, Aleman filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 (2000), alleging ineffective assistance of trial counsel for failure to move for a mistrial following the erroneous admission of polygraph evidence at the Grand Jury proceedings. At sentencing, the district court denied the motion, finding that any error was cured because the trial jury returned a guilty verdict without any knowledge of inadmissable polygraph evidence. On appeal, Aleman contends that the district court erred by denying his initial § 2255 motion.

An appeal may not be taken from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253 (2000). A certificate of appealability will not issue for claims addressed by a district court on the merits unless the appellant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The relevant inquiry is whether "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (quoting <u>Slack v. Daniel</u>, 529 U.S. 473,

484 (2000)). We have independently reviewed the record and conclude that Aleman has not made the requisite showing. United States v. Mechanik, 475 U.S. 66 (1986) (holding that an error in the grand jury proceedings was rendered harmless by petit jury's finding of guilt). Accordingly, we deny a certificate of appealability and dismiss this portion of Aleman's appeal.

Finally, we turn to Aleman's second § 2255 motion reiterating his claim that his trial counsel was ineffective for failing to move to dismiss the indictment. The district court dismissed the motion without prejudice, stating that Aleman's notice of appeal in his initial § 2255 motion deprived it of jurisdiction. We note, however, that because Aleman previously filed a motion under § 2255, the second filing is properly construed as a successive motion for which he has not received authorization from this Court. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir.), cert. denied, 124 S. Ct. 496 (2003). Accordingly, we deny a certificate of appealability and dismiss appeal No. 04-7085 as well. See Reid v. Angelone, 369 F.3d 363, 374 n.7 (4th Cir. 2004) (finding certificate of appealability necessary to appeal order denying § 2255 motion for lack of jurisdiction).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 04-4180 <u>AFFIRMED IN PART; DISMISSED IN PART</u>

No. 04-7085 <u>DISMISSED</u>